CHRISTOPHER T. KIM (SBN 279214)
chris@kimlawapc.com
**KIM LAW APC**
1327 N Broadway
Santa Ana, California 92706
Tel: (213) 246-5550
Fax: (213) 246-5551

Attorneys for Plaintiff
JISUNG PARK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JISUNG PARK, an individual<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CAO GROUP, INC., a Utah corporation,<br><br>　　　　　　Defendant | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. **Wrongful Discharge in Violation of Public Policy**<br>2. **Race Harassment**<br>3. **Race Discrimination**<br>4. **Whistleblower Retaliation**<br>5. **Retaliation for Engaging in Protected Activity**<br>6. **Failure to Prevent Harassment, Discrimination, and Retaliation**<br>7. **Failure to Pay Minimum Wages**<br>8. **Failure to Provide Accurate Itemized Wage Statements**<br>9. **Failure to Pay Wages Upon Separation**<br>10. **Violation of Business and Professions Code § 17200 Et Seq**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jisung Park ("Plaintiff") alleges:

## PARTIES

1. Plaintiff Jisung Park is a natural person who is, and at all times mentioned in this Complaint was, a resident of Los Angeles County, State of California.

2. Plaintiff is informed and believes, and thereon alleges, that Defendant CAO Group, Inc. ("CAO") is a corporation organized under the State of Utah with its principal place of business in West Jordan, Utah. At all relevant times, CAO employed Plaintiff in Los Angeles County, State of California.

3. Plaintiff is unaware of the true names and capacities of Defendants DOES 1 through 10, inclusive, and sue these defendants by fictitious names. Plaintiff is informed and believes, and thereon alleges, that each fictitiously named defendant is responsible for the occurrences alleged in this Complaint, and for Plaintiff's damages. Plaintiff will seek leave of this court to amend this Complaint to allege their true names and capacities when determined.

4. Plaintiff is informed and believes, and thereon alleges, that at all relevant times herein, each defendant was, and now is, the agent, servant, employee, co-conspirator, representative and alter ego of each of the remaining defendant and, in doing the things alleged, was acting within the scope of his, her, or its authority as such agent, servant, employee, co-conspirator, representative and alter ego, with the knowledge, permission, consent and ratification of the remaining defendants and is jointly and severally responsible for the damages experienced by Plaintiff.

5. Plaintiff is further informed and believes, and thereon alleges, that each defendant acted under and within the scope of the relationships alleged above, and that at all relevant times, each defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided, and abetted the conduct of all other defendants. As used in this Complaint, "Defendant" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action in which the word appears and includes Defendants and Does 1 through 10.

**JURISDICTION AND VENUE**

6. Plaintiff's employment occurred in Los Angeles County, California.

7. Plaintiff is informed and believes, and thereon alleges, that personal jurisdiction is proper under California Code of Civil Procedure section 410.10 and Federal Rule of Civil Procedure 4(k) because CAO has maintained sufficient minimum contacts with the State of California to make the exercise of personal jurisdiction reasonable and just. CAO sells its dental products and equipment in California and employs California-based sales professionals in order to do so.

8. Diversity jurisdiction is proper in this Court under 28 U.S.C. section 1332(a)(1) because there exists complete diversity between the parties and the amount in controversy exceeds $75,000.

9. Jurisdiction of this Court is also invoked under the California Fair Employment and Housing Act. Specifically, Government Code section 12965(c)(1)(C) provides that after receiving a right to sue letter from the California Department of Fair Employment and Housing ("DFEH"), an aggrieved individual may file a civil lawsuit against his employer within one year from the date of that notice.

10. Plaintiff filed a complaint with the DFEH on September 14, 2024, and thereafter received a "Right to Sue" letter from the DFEH.

11. On November 3, 2024, Plaintiff filed an amended complaint with the DFEH and thereafter received another "Right to Sue" letter from the DFEH.

**FACUTAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

12. CAO markets itself as a world leading innovator and manufacturer of high-technology dental products and equipment.

13. In August 2023, Plaintiff joined CAO as a Regional Sales Manager for California, Hawaii, Nevada, and Arizona. As a Regional Sales Manager, he was responsible for field sales work in his territory, including sales to dental offices, conducting sales meetings, and training of distributor representatives, among other duties.

14. Plaintiff was a hard-working and well-liked employee by his colleagues. He

performed his job duties well, thrived with his work colleagues, and was focused on growing and building CAO's presence in his territory.

15. During his tenure, Plaintiff did not receive a written or verbal negative performance review or write-up from any supervisor. And Plaintiff did not have issues with any coworkers or colleagues. But that changed around September 2023, when David Jaburek joined CAO as the Director of Sales Field Operations.

16. From the first time Plaintiff met Mr. Jaburek in person, Mr. Jaburek treated Plaintiff differently and repeatedly undermined and disrespected Plaintiff because of his race.

17. For example, in mid-November 2023, Plaintiff picked up Mr. Jaburek at the Burbank airport to guide Mr. Jaburek around the CAO Los Angeles territory. Instead of collaborating with Plaintiff and seeking ways to work together to grow the business, Mr. Jaburek would demean and belittle Plaintiff by the way he talked to Plaintiff, but also through the questions he asked of Plaintiff and the topics he brought to discussion.

18. Mr. Jaburek commented and questioned the way Plaintiff dressed, how he believed Plaintiff received special treatment as an Asian minority, how Plaintiff did not deserve his job title of Regional Sales Manager, whether Plaintiff and Densen Cao, the founder and Chief Executive Officer of CAO, were related, and other related issues.

19. At first, Mr. Jaburek's behavior towards Plaintiff was odd and unsettling and made little sense. But it made more sense as to why Mr. Jaburek treated Plaintiff as he did after Mr. Jaburek directed an explosive racial slur at Plaintiff in front of several other CAO colleagues at the Greater New York Dental Meeting (GNYDM).

20. On November 27, 2023, during breakfast at the Exhibitor's Lounge at the GNYDM, Mr. Jaburek made this comment to Plaintiff in front of several coworkers during breakfast: ***"What's your email? James Jun Jing Jan Jang Jun Ching Chang Chung?"*** This written recap of what Mr. Jaburek said to Plaintiff does not do justice to the insulting nature of Mr. Jaburek's slur. And there were multiple CAO employees and colleagues who personally witnessed Mr. Jaburek make this offensive and racist statement to Plaintiff.

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

21. CAO had an opportunity to address this constructively and help Mr. Jaburek and the CAO team learn and grow from this unfortunate and regrettable incident. But CAO further demeaned and disrespected Plaintiff with their response. A couple hours following the incident on November 27, 2023, Densen Cao, the founder and Chief Executive Officer of CAO, approached Plaintiff at the conference booth Plaintiff was working and offered a general apology to Plaintiff on behalf of Mr. Jaburek. The meeting was short and it was difficult for Plaintiff to hear Mr. Cao because of the noise levels on the showroom floor of the conference. Mr. Cao's message to James was: accept the apology and move on.

22. A few hours later, Mr. Jaburek approached Plaintiff at the work booth and rudely gestured with his hand and fingers at Plaintiff to come to Mr. Jaburek. Instead of Mr. Jaburek walking up to Plaintiff, Mr. Jaburek commanded Plaintiff to go to him with his fingers as if Plaintiff was his servant. Plaintiff obliged and walked to Mr. Jaburek in the hallway of the trade show floor. Against the background noise and hustle and bustle of the conference attendees, Mr. Jaburek appeared to try to apologize for his actions, which was insincere.

23. Plaintiff was deeply hurt by Mr. Jaburek's words and conduct. But he was further hurt by Mr. Cao and the company's insincere and inadequate response to Mr. Jaburek's racist behavior.

24. The following day, on November 28, 2023, Plaintiff called Jessica Bauer, CAO's Human Resources contact, and reported the racial harassment and discrimination incident to her. Plaintiff exchanged email and text messages with Ms. Bauer in addition to phone calls about Mr. Jaburek and the incident. ***During these exchanges, Jessica told James he was the third person that has complained about David and his behavior.***

25. Several days following the incident and Plaintiff's formal report to CAO's Human Resources department, the company engaged in no follow up. However, multiple CAO employees present during Mr. Jaburek's racist rant towards Plaintiff complained to Ms. Bauer and Mr. Cao about Mr. Jaburek's behavior following the incident.

26. On December 8, 2023, Mr. Cao held a Microsoft Teams meeting with the entire

sales team, including Mr. Jaburek, where he informed the team that Mr. Jaburek would remain as CAO's Director of Sales despite the incident and made it clear that he wanted the entire team to move on from the incident.

27. On December 11, 2023, Plaintiff filed another formal grievance letter to Mr. Cao and Ms. Bauer. Mr. Cao called Plaintiff on December 15, 2023 to further address the ongoing issues with Mr. Jaburek. Plaintiff asked if he could change his position, so he did not have to work under Mr. Jaburek. Mr. Cao denied Plaintiff's request and made it clear that he and the company were ready to move forward with Mr. Jaburek and that the November 27, 2023 incident is in the past. Mr. Cao told Plaintiff that Mr. Jaburek would remain his manager and that it was up to Plaintiff if he wanted to remain with the company.

28. On December 22, 2023, Plaintiff had his semi-annual performance review with Mr. Jaburek and Ms. Bauer. During the performance review and on his written performance review, Plaintiff received negative comments about certain parts of his job performance which were never raised before the incident and the review. These negative comments by Mr. Jaburek came as a surprise to Plaintiff as Mr. Jaburek never mentioned such issues to Plaintiff before.

29. During this time, Plaintiff asked Mr. Jaburek to provide him with a sincere apology letter so he could internally heal and move forward with Mr. Jaburek.

30. Nearly two hours later, Mr. Jaburek emailed Plaintiff a one-page letter fraught with lies and insincere generalities. Mr. Jaburek's letter further hurt Plaintiff, which negatively affected him emotionally, mentally, and psychologically. Plaintiff struggled to get past the incident and the company and Mr. Jaburek's lack of remorse, as Mr. Jaburek's racist behavior and remarks struck a nerve in Plaintiff. During the following week, Plaintiff tried to collect his emotions and emailed Mr. Jaburek a response letter on January 4, 2024.

31. Instead of working with Plaintiff and Mr. Jaburek, the company decided to terminate Plaintiff's employment. This was wrong and illegal.

32. Following the November 28, 2023 incident, Plaintiff repeatedly complained about Mr. Jaburek's harassing and discriminatory conduct to CAO Human Resources and

to Mr. Cao. Many CAO employees also saw Mr. Jaburek's inexcusable behavior towards Plaintiff and were victims themselves of Mr. Jaburek's harassment and discrimination. Yet, shockingly, less than half a day after Plaintiff sent a reply letter to Mr. Jaburek, CAO terminated James's employment.

33.     CAO did not give Plaintiff verbal or written notice of his termination. CAO abruptly terminated Plaintiff's employment, removed all his credentials and access, which caused Plaintiff to assume he was fired when he tried to log onto his computer on January 5, 2024. Plaintiff had to contact Ms. Bauer on January 5, 2024 to learn his job was terminated. Mr. Cao and Mr. Jaburek have not communicated with Plaintiff since.

34.     The timing and circumstances of Plaintiff's termination are suspect. Unbeknownst to Plaintiff, Mr. Jaburek was out to get rid of Plaintiff from the company. On January 3, 2024, Mr. Jaburek emailed Mr. Cao a list of tasks that Plaintiff purportedly did not complete or do. By the tone of Mr. Jaburek's email, it is clear he was trying to highlight multiple instances of Plaintiff's negative work performance to support termination. This is surprising given Mr. Jaburek, Ms. Bauer, and Mr. Cao had raised none of these issues with him before. The fact that Mr. Jaburek is bringing these issues up for the first time on the heels of Plaintiff's formal complaints against him highlights the retaliatory nature of the company's conduct towards Plaintiff.

35.     Mr. Cao and the company were committed to protecting Mr. Jaburek and ignored Mr. Jaburek's harassment and discrimination against Plaintiff. Mr. Cao and the company had no desire to investigate and address Mr. Jaburek's racist behavior and conduct. Mr. Cao and the company believed Mr. Jaburek was a more profitable employee to the company. This is clear by the fact that Mr. Jaburek was not reprimanded in any credible manner for his inexcusable conduct towards Plaintiff following the incident and before Plaintiff's employment was wrongfully terminated. Yet, the company and Mr. Cao easily fired Plaintiff for fabricated performance issues.

36.     CAO's firing of Plaintiff was retaliation against Plaintiff for legally reporting the harassment and discrimination he endured because of Mr. Jaburek.

37. CAO's illegal conduct and betrayal of Plaintiff has deeply affected Plaintiff's physical, emotional, and mental state. Plaintiff is dealing with severe mental, emotional, and psychological distress which has affected all parts of his daily life and relations with family and friends.

38. CAO also has not properly paid Plaintiff for the hours and work he performed for CAO, including all commissions he earned while working at CAO.

## FIRST CAUSE OF ACTION

**(Wrongful Discharge in Violation of Public Policy)**

**(Against Defendant CAO Group, Inc. and DOES 1 – 10, Inclusive)**

39. Plaintiff incorporates by reference all the preceding paragraphs, inclusive, as though set forth herein.

40. Plaintiff was employed by CAO, who wrongfully terminated Plaintiff's employment in violation of public policy, including, without limitation, California Constitution, Article I, Section 8, and the Fair Employment and Housing Act ("FEHA").

41. Since September 2023, Plaintiff endured inappropriate and illegal harassment and discrimination from David Jaburek, Plaintiff's supervisor. Plaintiff made numerous complaints about Mr. Jaburek to CAO management, but CAO did not properly address Plaintiff's concerns. Plaintiff called and emailed Human Resources to report this harassment and discrimination, but instead of helping Plaintiff, CAO terminated Plaintiff's employment.

42. Because of CAO's action and/or inactions, Plaintiff has suffered, and continues to suffer, substantial damages resulting from humiliation, emotional distress, loss in earnings, loss of reputation, and expenses, including attorneys' fees and costs.

43. Plaintiff requests backpay, front pay, injunctive relief, attorneys' fees and costs, compensatory damages, and interest.

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION

### (Race Harassment)

### (Against Defendant CAO Group, Inc. and DOES 1 – 10, Inclusive)

44. Plaintiff incorporates by reference all the preceding paragraphs, inclusive, as though set forth herein.

45. Plaintiff was an employee of CAO.

46. Plaintiff was subjected to harassing conduct because he is Asian.

47. The harassing conduct was severe and pervasive. Plaintiff's supervisor, David Jaburek, engaged in such conduct.

48. A reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive. Plaintiff considered the work environment to be hostile, intimidating, offensive, oppressive, and abusive.

49. CAO and its supervisors and agents knew or should have known of the harassing conduct and failed to take immediate and appropriate corrective action.

50. As a result of CAO's action and/or inactions, Plaintiff has suffered, and continues to suffer, substantial damages resulting from humiliation, emotional distress, loss in earnings, loss of reputation, and expenses, including attorneys' fees and costs.

51. Plaintiff requests backpay, front pay, injunctive relief, attorneys' fees and costs, compensatory damages, interest, and punitive damages.

52. CAO is guilty of fraud, oppression, and malice such that the despicable conduct, which was carried on by CAO with a willful, knowing, and conscious disregard of Plaintiff's rights, were the direct, legal and proximate cause of Plaintiff's damages. Plaintiff is informed and believes, and on that basis alleges, that an officer, director, or managing agent of CAO had advance knowledge that the agent or employee was likely to inflict injury on others and employed him or her with conscious disregard for the rights or safety of others, authorized or ratified the agent's or employee's wrongful acts, or was personally guilty of oppression, fraud or malice toward Plaintiff. Accordingly, Plaintiff requests that,

in addition to compensatory damages, punitive and exemplary damages be awarded to deter similar malicious conduct.

### THIRD CAUSE OF ACTION
### (Race Discrimination)
### (Against Defendant CAO Group, Inc. and DOES 1 – 10, Inclusive)

53. Plaintiff incorporates by reference all the preceding paragraphs, inclusive, as though set forth herein.

54. FEHA prohibits employment discrimination based on a variety of grounds including race. *See* Cal. Gov. Code § 12940(a). As outlined in this Complaint, CAO violated FEHA.

55. CAO subjected Plaintiff to adverse employment actions, including, without limitation, termination and unequal treatment, because of Plaintif's race. Plaintiff was otherwise qualified for his position(s) and was competently performing the position(s) held.

56. Because of CAO's action and/or inactions, Plaintiff has suffered, and continues to suffer, substantial damages resulting from humiliation, emotional distress, loss in earnings, loss of reputation, and expenses, including attorneys' fees and costs.

57. Plaintiff asks for all backpay, front pay, injunctive relief, attorneys' fees and costs, compensatory damages, and interest.

### FOURTH CAUSE OF ACTION
### (Whistleblower Retaliation)
### (Against Defendant CAO Group, Inc. and DOES 1 – 10, Inclusive)

58. Plaintiff incorporates by reference all the preceding paragraphs, inclusive, as though set forth herein.

59. At all relevant times, Labor Code section 1102.5 was in effect and was binding on CAO prohibiting retaliation against an employee for disclosing information reasonably believed to be illegal or unlawful, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to

investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

60. Plaintiff raised complaints of actual illegality, including but not limited to violations of the FEHA, California Constitution, Labor Code, and Government Code Section 12900 *et seq.* while he worked for CAO, and CAO retaliated against him by taking adverse employment actions, including unequal treatment, retaliation, and wrongful termination.

61. As a result of CAO's action and/or inactions, Plaintiff has suffered, and continues to suffer, substantial damages resulting from humiliation, emotional distress, loss in earnings, loss of reputation, and expenses, including attorneys' fees and costs.

62. Plaintiff asks for all backpay, front pay, injunctive relief, attorneys' fees and costs, compensatory damages, and interest.

## FIFTH CAUSE OF ACTION

**(Retaliation for Engaging in Protected Activity)**

**(Against Defendant CAO Group, Inc. and DOES 1 – 10, Inclusive)**

63. Plaintiff incorporates by reference all the preceding paragraphs, inclusive, as though set forth herein.

64. At all times herein mentioned, FEHA, Labor Code section 98.6, Government Code section 12940, et seq., was in full force and effect and was binding on CAO. This statute requires CAO to refrain from retaliating against any employee making complaints or opposing discrimination or retaliation, or otherwise engaging in activity protected by the FEHA and the Labor Code, including for seeking to exercise rights guaranteed under FEHA and the Labor Code and/or assisting and/or participating in an investigation, opposing CAO's failure to provide rights, including rights to complain and/or the right to be free of

retaliation, in violation of Government Code section 12940(h).

65. Plaintiff's seeking to exercise rights guaranteed under FEHA and the Labor Code and/or opposing CAO's failure to provide such rights, including the right to be free of discrimination or retaliation, in violation of Labor Code section 98.6 and Government Code section 12940(h), among other laws, were substantial motivating reasons in CAO's decision to take adverse employment actions against Plaintiff.

66. As a proximate result of CAO's willful, knowing, and intentional retaliation against Plaintiff, Plaintiff has sustained and continues to sustain substantial loss of earnings and other employment benefits.

67. As a proximate result of CAO's willful, knowing, and intentional retaliation against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to their damage in a sum according to proof.

68. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Under Government Code section 12965(b) and Labor Code 218.5, Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

## SIXTH CAUSE OF ACTION

**(Failure to Prevent Harassment, Discrimination, and Retaliation)**

**(Against Defendant CAO Group, Inc. and DOES 1 – 10, Inclusive)**

69. Plaintiff incorporates by reference all the preceding paragraphs, inclusive, as though set forth herein.

70. CAO has not taken all reasonable steps necessary to prevent harassment, discrimination, and retaliation from occurring.

71. CAO did not develop and distribute written harassment, discrimination, and retaliation prevention policies as mandated by FEHA.

72. Because of CAO's action and/or inactions, Plaintiff has suffered, and continues to suffer, substantial damages resulting from humiliation, emotional distress, loss in

earnings, loss of reputation, and expenses, including attorneys' fees and costs.

74. Plaintiff respectfully requests backpay, front pay, injunctive relief, attorneys' fees and costs, compensatory damages, and interest.

## SEVENTH CAUSE OF ACTION

### (Failure to Pay Minimum Wages)

### (Against Defendant CAO Group, Inc. and DOES 1 – 10, Inclusive)

74. Plaintiff incorporates by reference all the preceding paragraphs, inclusive, as though set forth herein.

75. California Labor Code section 1182.12, *inter alia*, sets the minimum wage for any work performed in California. Defendant has failed to pay Plaintiff the required minimum wage for all his labor as described herein.

76. California Labor Code sections 1194 and 1194.2 provide that any employee receiving less than the legal minimum wage for all hours worked is entitled to recover the unpaid balance of the full amount of this minimum wage compensation in a civil action plus an additional equal amount as liquidated damages, interest thereon, as well as reasonable attorneys' fees and cost of suit.

77. CAO failed to pay Plaintiff minimum wages in violation of, *inter alia*, Labor Code §§ 204, 219, 1182, 118.12, 1194, 1194.2, and IWC Wage Orders. Under both state and federal law, employees may not agree to waive entitlement to the minimum wage.

78. Plaintiff is entitled to interest on his unpaid wages under, *inter alia*, Labor Code § 1194(a).

79. Plaintiff is entitled to an award of attorneys' fees and costs under, *inter alia*, Labor Code §§ 218.5(a), 1194(a).

80. Plaintiff requests all civil penalties, backpay, front pay, injunctive relief, attorneys' fees and costs, compensatory damages, and interest.

/ / /

/ / /

/ / /

## EIGHTH CAUSE OF ACTION

### (Failure to Provide Accurate Itemized Wage Statements)

### (Against Defendant CAO Group, Inc. and DOES 1 – 10, Inclusive)

81. Plaintiff incorporates by reference all the preceding paragraphs, inclusive, as though set forth herein.

82. CAO violated Labor Code § 226, which requires CAO, at the time of each payment of wages, to furnish each employee an accurate, itemized statement, in writing, showing gross wages earned, total hours worked by the employee, all deductions, net wages earned, the inclusive dates for the period for which the employee is paid, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. Defendant is required to keep a copy of the statement or a record of the deductions on file for at least three (3) years at the place of employment or at a central location within the State of California.

83. Labor Code § 226(e) states than an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees. An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement.

84. Plaintiff requests all civil penalties, backpay, front pay, injunctive relief, attorneys' fees and costs, compensatory damages, and interest.

## NINTH CAUSE OF ACTION

### (Failure to Pay Wages Upon Separation)

### (Against Defendant CAO Group, Inc. and DOES 1 – 10, Inclusive)

85. Plaintiff incorporates by reference all the preceding paragraphs, inclusive, as though set forth herein.

86. At all times herein mentioned, CAO was subject to Labor Code §§ 201-203.

87. Labor Code §§ 201 and 202 require that an employer pay all wages due to an employee after an employee is discharged or quits.

88. Labor Code § 203 provides a penalty for the willful failure to pay all wages due to employees who are discharged or quit. This penalty consists of an amount equal to the sum of the employee's wages at the employee's prior rate of pay, until the unpaid wages are paid, in an amount not to exceed thirty (30) days.

89. CAO failed to pay Plaintiff for all wages and earned compensation due at time of separation and continues to fail to pay for over 30 days.

90. Plaintiff requests all civil penalties, backpay, front pay, injunctive relief, attorneys' fees and costs, compensatory damages, and interest.

## TENTH CAUSE OF ACTION

**(Violation of Business and Professions Code § 17200, *et seq.*)**

**(Against Defendant CAO Group, Inc. and DOES 1 – 10, Inclusive)**

91. Plaintiff incorporates by reference all the preceding paragraphs, inclusive, as though set forth herein.

92. In violation of Business and Professions Code § 17200, *et seq.*, CAO's actions and/or inactions constitute unlawful, unfair, and deceptive business practices. At all times relevant since four (4) years prior to the commencement of this action, CAO violated and continues to violate the law, as expressed in Labor Code §§ 200, 221, 226, 226.7, 226.8, 512, 1198, 2802, 2804; IWC 4 § 7; California's Fair Employment and Housing Act (Gov. Code §§ 12900 et seq.); and Business & Professions Code §§ 17200, et seq., by discriminating against Plaintiff, failing to pay Plaintiff all wages owed, failing to provide accurate itemized employee wage statements, failing to pay all wages timely upon separation, and other violations alleged herein.

93. The unfair, unlawful, and deceptive business practices herein present a continuing threat to Plaintiff and to the general public of California.

94. As a direct and proximate result of CAO's actions and/or inactions, CAO

wrongfully retained and continues to retain funds earned by Plaintiff. Thus, Plaintiff has suffered damages and requests back pay, front pay, and/or restitution of all monies and profits to be disgorged from CAO in an amount to be proven at trial.

95. Plaintiff requests that CAO be preliminarily and permanently enjoined from their unlawful, unfair, and deceptive business practices.

96. Plaintiff seeks interest under Business and Professions Code § 17203.

97. As a result of CAO's action and/or inactions, Plaintiff has suffered, and continues to suffer, substantial damages resulting from humiliation, emotional distress, loss in earnings, loss of reputation, and expenses, including attorneys' fees and costs.

98. Plaintiff requests backpay, front pay, injunctive relief, attorneys' fees and costs, compensatory damages, and interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them:

1. For all unpaid wages both backpay and front pay;
2. For compensatory damages in an amount according to proof;
3. For incidental damages in an amount according to proof;
4. For prejudgment interest;
5. For punitive damages;
6. For costs of suit incurred, including reasonable attorneys' fees, to the extent allowed by law; and
7. For such further legal or equitable relief as this Court may consider just and proper under the circumstances.

Dated: November 7, 2024     KIM LAW APC

By: /s/ *Christopher T Kim*
Christopher T. Kim
Attorney for Plaintiff JISUNG PARK

## DEMAND FOR JURY TRIAL

Plaintiff Jisung Park demands a jury trial for all causes of action alleged.

Dated: November 7, 2024

KIM LAW APC

By: */s/ Christopher T Kim*
Christopher T. Kim
Attorney for Plaintiff JISUNG PARK